IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESS T. LAMMERS,<br><br>                    Plaintiff,<br><br>       vs.<br><br>NEBRASKA (STATE OF), et al.,<br><br>                    Defendants. | 8:22CV154<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, Jess T. Lammers ("Lammers"), a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Lammer's pro se Complaint (Filing 1).

### I.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Lammers alleges he was admitted to the Lincoln Regional Center ("LRC") on or about March 2, 2020. Filing 1, ¶ 1. However, based on the court's initial review of Lammers' recently filed habeas petition, this date appears to be in error:

> According to Lammers' state court records, available to this court online,[1] the Phelps County District Court ordered that Lammers be committed for an inpatient competency evaluation at the LRC on or about February 2, 2022. On March 18, 2022, the state district court held a hearing on Lammers' competency evaluation, found that Lammers was not competent to stand trial at that time, and ordered that Lammers be committed to the LRC for restoration of competency. On April 22, 2022, the state district court held a hearing and determined that Lammers was competent to stand trial and ordered his release from the LRC. On May 6, 2022, Lammers filed a notice of address change in this court confirming that he was no longer in custody at the LRC.

*Lammers v. Nebraska*, No. 8:22CV106, Filing 17 (D.Neb. June 16, 2022).

Lammers claims he was falsely imprisoned at LRC, in violation of Nebraska law. Filing 1, ¶¶ 2-6. Lammers also complains LRC "failed to provide disability accommodation," Filing 1, ¶ 6, "failed to provide a safe environment," Filing 1, ¶ 20, and "failed to allow correspondence with courts and attorneys," Filling 1, ¶ 64. Lammers further alleges he "has experienced an exacerbation of medical conditions due to the negligence of NE DHHS [Department of Health and Human Services] and LRC administration and doctors." Filing 1, ¶ 9.

Lammer's Complaint is framed primarily as one involving claims brought under Title II of the Americans with Disabilities Act ("ADA"). See Filing 1 at 1-2. He sues the State of Nebraska, DHHS, LRC, and multiple staff members at LRC for monetary damages.

---

[1] *See* https://www.nebraska.gov/justice/case.cgi.

III. DISCUSSION

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Under the ADA, there are two means of discrimination: (1) disparate treatment and (2) the failure to make reasonable accommodations. *Peebles v. Potter*, 354 F.3d 761, 765 (8th Cir. 2004). Disparate treatment discrimination is based on "intent or actual motive," whereas in the second type of claim, "the 'discrimination' is framed in terms of the failure to fulfill an affirmative duty—the failure to reasonably accommodate the disabled individual's limitations." *Id.* at 767. Lammers has failed to allege sufficient facts to show that he is a "qualified individual with a disability" within the meaning of the ADA[2] or that he was excluded from participation in or denied the benefits of LRC's services, programs, or activities, or was otherwise subjected to discrimination because of his disability. Lammers merely alleges in general terms that "LRC & NE DHHS failed to provide accommodation for pre-existing medical conditions," as, for example, by failing to provide a wheelchair or a proper bed. Filing 1, ¶¶ 42, 15, 16. There are also numerous allegations regarding mismanagement of medications, but a lawsuit under the ADA cannot be based on medical treatment decisions. *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005). It should also be noted that the LRC staff members cannot be held personally liable under the ADA. *See Alsbrook v. City of Maumelle*,184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc) (explaining that Title II provides disabled individuals redress for discrimination by a "public entity," which does not include individuals).

Insofar as Lammers alleges Defendants were negligent or otherwise culpable under Nebraska law, his only recourse is under the State Tort Claims Act ("STCA"), Neb. Rev. Stat. § 81-8,209 *et seq*. Although the Nebraska Legislature has waived sovereign immunity for certain kinds of torts against the State of Nebraska, and its agencies and employees, this waiver does not extend to actions maintained in federal court. The STCA grants exclusive jurisdiction over those claims to "the district court

---

[2] A person is disabled under the ADA if he has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

3

of the county in which the act or omission complained of occurred...." Neb. Rev. Stat. Ann. § 81-8,214 (Westlaw 2022). Consequently, any waiver of the State's sovereign immunity in the STCA "does not extend to actions brought in federal court." *Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017).

Lammer's allegations regarding LRC's failure to provide a safe environment might give rise to a constitutional claim, which could be brought in federal court under 42 U.S.C. § 1983, but he fails to allege facts to establish the necessary elements for such a claim. When a person is involuntarily confined in a state mental health facility, the State has a duty imposed by the Substantive Due Process Clause of the Fourteenth Amendment to provide a "reasonably safe environment." *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006). To recover under § 1983 for a breach of that constitutional duty, a plaintiff must prove that a state official either intentionally violated the duty (such as criminal assault by a staff member) or was deliberately indifferent to a known excessive risk to patient safety (such as assault by another patient). *Id.* In addition, when the claim is against the institution's supervisors for inadequate safety policies, plaintiff must prove (i) that an employee violated his due process right to safety, (ii) that institutional policies led to the violation, and (iii) that the policies were adopted with deliberate indifference to their known or obvious consequences. *Id.* Similarly, LRC's alleged failure to permit correspondence with courts and attorneys conceivably could give rise to claims under the First and Sixth Amendments, but there are no facts showing that Lammer's constitutional rights were violated. Also, the State of Nebraska, its agencies and instrumentalities, and its employees in their official capacities are not suable under 42 U.S.C. § 1983. See *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). All state employees are presumed to be sued only in their official capacities unless the pleading specifies they are sued in the individual capacities. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

## IV. CONCLUSION

For the various reasons discussed above, Lammer's Complaint is subject to pre-service dismissal under 28 U.S.C. § 1915(e)(2)(B). On the court's own motion, however, Lammers will be given leave to amend.

Accordingly,

4

IT IS ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **July 28, 2022—amended complaint due**.

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 28th day of June 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

5